# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WAYNE PETTAWAY, | ) | |
|     Plaintiff, | ) | Civil Action No. 18-364ERIE |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL CLARK, et al, | ) | District Judge Baxter |
|     Defendants. | ) | |

## MEMORANDUM OPINION

**D.J. Susan Paradise Baxter**

This civil action was initiated in this Court on November 26, 2018.

By Order dated November 28, 2018, Plaintiff was directed to either file a motion seeking leave to proceed in forma pauperis or pay the full filing fees associated with this case. The Order indicated that Plaintiff must comply before December 12, 2018, and that his failure to comply could result in the dismissal of this action for failure to prosecute. ECF No. 2.

By Order dated December 18, 2018, Plaintiff was directed to show cause for his failure to either pay the full filing fees or file a motion seeking leave to proceed in forma pauperis status by December 31, 2018. ECF No. 3. The Order warned that Plaintiff's failure to comply would result in the dismissal of this action for failure to prosecute. As of today's date, Plaintiff has failed to comply.

The Third Circuit has set out a six-factor balancing test to guide a court in determining whether dismissal of a case is appropriate. Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863 (3d Cir. 1984). The court must consider: 1) the extent of the party's personal responsibility; 2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; 3) a history of dilatoriness; 4) whether the conduct of the party or attorney was willful

1

or in bad faith; 5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and 6) the meritoriousness of the claim or defense. Id. at 868. Not all of the six factors need to weigh in favor of dismissal before dismissal is warranted. Hicks v. Feeney, 850 F.2d 152 (3d Cir. 1988).

Applying the Poulis factors to the present matter, this Court will dismiss this matter. Plaintiff has ignored two orders from this Court, both of which warned that Plaintiff's failure to comply would result in the dismissal of this action. Without payment of the filing fee or the grant of in forma pauperis status, this case cannot proceed. Plaintiff is proceeding *pro se* and therefore bears all of the responsibility for any failure in the prosecution of his claims. Alternative sanctions, such as monetary penalties, are inappropriate with indigent parties. Although it is possible that Plaintiff's allegations could state a claim upon which relief could be ultimately be granted, the merits of the claim are impossible to determine at this early stage of the proceedings. Accordingly, this case will be dismissed due to Plaintiff's failure to prosecute.

An appropriate Order follows.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States District Judge